LISA C. HAMASAKI, CA Bar No. 197628
lisa.hamasaki@ogletree.com
NESTOR GONZALEZ, CA Bar No. 335515
nestor.gonzalez@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:   415-442-4810
Facsimile:   415-442-4870

Attorneys for Defendant
PROVENA FOODS INC., doing business as
SWISS AMERICAN SAUSAGE CO.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS IPINA, an individual, | Case No. |
| Plaintiff, | **DEFENDANT PROVENA FOODS INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367, 1441, AND 1446** |
| v. | |
| PROVENA FOODS, INC., a California corporation doing business as SWISS AMERICAN SAUSAGE CO.; and DOES 1 through 20, inclusive, | |
| Defendant. | State Action Filed:   December 22, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF CARLOS IPINA, AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Provena Foods Inc., doing business as Swiss American Sausage Co. ("Defendant") hereby removes this Action from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, on the following grounds: the court has original jurisdiction over this matter because Plaintiff's fourth cause of action is completely preempted by Section 301 of the Labor Management Relations Act.

The removal of this Action is based upon the following:

**I.    THE STATE COURT ACTION**

1. On December 22, 2021, Plaintiff Carlos Ipina ("Plaintiff') filed his Complaint against Defendant in San Joaquin County Superior Court entitled *Carlos Ipina v. Provena Foods, Inc., a California corporation doing business as Swiss American Sausage Co., and Does 1-20, inclusive*, Case No. STK-CV-UWT-2021-0011590. (*See* Declaration of Nestor Gonzalez ["Gonzalez Dec."] ¶ 2)

2. The Plaintiff's Complaint alleges four causes of action: (1) violation of California Labor Code § 233(c); (2) violation of California Labor Code § 246.5(c)(1); (3) wrongful termination in violation of public policy; and (4) Failure to pay all wages [accrued vacation] due upon separation in violation of California Labor Code §§ 201, 203. (Gonzalez Dec. ¶ 3, Ex. A)

3. On December 23, 2021, Plaintiff personally served Defendant with a copy of the Complaint and Summons. (Gonzalez Dec. ¶¶ 3, 5, Exs. A, E)

4. On January 20, 2022, Defendant timely filed its Answer to Plaintiff's Complaint in San Joaquin County Superior Court. (Gonzalez Dec. ¶ 4, Ex. B)

5. As required by 28 U.S.C. §§ 1446(a), 1447(b), and 1449, true and correct copies of all process, pleadings, and orders served upon Defendant are attached to this Notice of Removal. (*See* Gonzalez Dec. ¶¶ 3-6, Exs. A-E)

## II. SATISFACTION OF PROCEDURAL REQUIREMENTS

6. In accordance with 28 U.S.C. § 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. San Joaquin County Superior Court is located within the geographic boundaries of this Court. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are included with this Notice. (Gonzalez Dec. ¶¶ 3-6, Exs. A-E)

8. In accordance with 28 U.S.C. § 1446(b), this Notice is filed within 30 days after the initial service of the Complaint on Defendant, which service was completed on December 23, 2021. (*See* Gonzalez Dec. ¶¶ 3, 5, Exs. A, E)

9. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the San Joaquin County Superior Court. True and correct copies of the Notice to the Plaintiff and the San Joaquin County Superior Court, shall be filed promptly in this Court.

10. Defendant is the only named and served defendant in this action. The consent of any other defendant to removal is therefore inapplicable. *See* 28 U.S.C. § 1446(b)(2)(A).

## III. JURISDICTION

11. This action is removed pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. This matter is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under 29 U.S.C. § 185(a), Section 301 of the Labor Management Relations Act.

## IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION BASED ON COMPLETE PREEMPTION OF PLAINTIFF'S FOURTH CAUSE OF ACTION PURSUANT TO SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT

12. 29 U.S.C. § 185(a), Section 301 of the Labor Management Relations Act ("LMRA") ("Section 301") creates a federal cause of action for breach of collective bargaining agreements, and federal law governs all suits for breach of a collective bargaining agreement. *Miller v. AT&T Network Systems*, 850 F.2d 543, 545 (9th Cir. 1988). In certain cases, the preemptive force of federal

1  law is so powerful that it displaces any state law cause of action, and leaves room only for a federal
2  claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). In effect, what is a claim for
3  relief under state law must nonetheless be recharacterized as a federal claim, and as such is
4  removable. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, (1987)*; Allis-Chalmers Corp. v. Lueck,*
5  471 U.S. 202, 220, (1985)*; Franchise Tax Bd. v. Laborers Vacation Trust,* 463 U.S. 1, 23-24 (1983).
6  Although the language of 301 is limited to '[s]uits for violation of contracts,' the Supreme Court has
7  expanded § 301 preemption to include cases the resolution of which 'is substantially dependent upon
8  analysis of the terms of [a collective bargaining agreement.]. *See Allis-Chalmers Corp.*, 471 U.S. at
9  203, 220; *see also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988). Moreover,
10 the resolution of a case may substantially depend upon the interpretation of a collective bargaining
11 agreement even if the complaint is framed without reference to a collective bargaining agreement.
12 *Allis-Chalmers Corp.*, 471 U.S. at 210-11. Thus, even suits based on state law claims, rather than
13 on breach of a collective bargaining agreement, are governed by federal law if their evaluation is
14 "inextricably intertwined with consideration of the terms of [a] labor contract." *Id.* at 213.

15      13.     Under the "complete preemption doctrine," once an area of state law has been
16 completely preempted, any claim purportedly based on that preempted state law is considered, from
17 its inception, a federal claim, and therefore arises under federal law and is removable. *Caterpillar,*
18 *Inc.*, 482 U.S. at 393. Accordingly, Plaintiff's Complaint is removable to federal court because it
19 asserts claims that arise under Section 301, even though on its face, it may seek remedies only
20 available under state law. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.
21 1987).

22      **A.     Plaintiff's Fourth Cause Of Action Is Completely Preempted By Federal Law**
23      14.     Plaintiff, Carlos Ipina, was a member of the United Foods & Commercial Workers
24 Union 8-Golden State ("UFCW8") at all times during his employment with Defendant. (*See*
25 Declaration of Hilda Israde ["Israde Dec."] ¶¶ 2-3) Plaintiff has been a union member since
26 December of 2016. (Israde Dec. ¶ 3, Ex. A) As a bargained for employee, Plaintiff's employment
27 was governed by the Collective Bargaining Agreement between UFCW8 and Swiss
28 American/Hormel Sausage, April 10, 2017 – August 10, 2020 ("CBA"). (Israde Dec. ¶ 4) Plaintiff's

fourth cause of action alleges that Defendant failed to pay Plaintiff all wages earned at the time of his termination, and specifically references and alleges that Defendant failed to pay Plaintiff all "accrued vacation" at the time of termination, in violation of the California Labor Code Sections 201 and 203. Section 301 preempts such claim because Plaintiff's cause of action is essentially a contract claim that involves a right conferred upon him – an employee – by virtue of a CBA, and adjudication of such claim requires interpretation of the applicable CBA. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir.2007); *Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers,* 109 F.3d 1353, 1356 (9th Cir. 1997) (complete preemption pursuant to Section 301 must be construed to cover "most state-law actions that require interpretation of labor agreements."). "[S]tate-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

15. In California, there is no legal requirement that an employer provide its employees with either paid or unpaid vacation time. Nonetheless, under the California law, if an employer does have an established policy, practice, or agreement to provide paid vacation, then certain restrictions are placed on the employer as to how it fulfills its obligation to provide vacation pay. Similarly, under California law, earned vacation time is considered wages and is earned as work is performed. Cal. Lab. Code § 227.3; *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774, 784 (1982). As set forth in section 227.3 of the Labor Code, "*[u]nless otherwise provided by a collective-bargaining agreement*," [emphasis added] vested vacation must be paid to an employee at the time of termination from employment. Cal. Labor Code § 227.3. In this instance, it is the exception to Section 227.3 for collectively bargained agreements that is key since Plaintiff was a bargained for employee and the applicable CBA expressly governs vacation benefits and payout of vacation upon separation from employment. (Israde Dec. ¶¶ 3-5, Exs. A-B)

16. Plaintiff's allegation that he was not timely paid earned, unused vacation pay at termination [*see* Complaint ¶¶ 18-19] is inextricably intertwined with the CBA and cannot be decided without interpretation of the operative CBA provision. The CBA expressly provides that it is entered into by and between Defendant and UFCW 8 representing regular union members in San Joaquin

1  County, California.  (Israde Dec. ¶ 4, Ex. B [CBA, Article 1.1])  Moreover, the CBA contains express
2  provisions regarding the entitlement of union member employees to vacation benefits, while
3  employed *and* upon termination.  (Israde Dec. ¶¶ 4-5, Ex. B [CBA Article 8.1-8.3])  The CBA
4  expressly provides that "[a]ll regular employees who have been in the employ of the employer for at
5  least one (1) year shall be entitled to receive vacation benefits as specified below…" and delineates
6  an employee's specific vacation entitlement based on the number of years of employment.  (*Id.*
7  [CBA, Article 8.1])  Of particular import to adjudication of Plaintiff's claims, Article 8.3 of the CBA
8  expressly governs the payout of vacation upon separation from employment.  Article 8.3 provides:

> **PRORATED VACATION PAY UPON SEPARATION FROM EMPLOYMENT:** Upon termination of employment or change of ownership of a Plant, employees shall receive prorated vacation pay based on each full month worked since the employee's last anniversary date of employment; provided however, vacation pay shall not be paid during the first year of employment in cases of discharge for cause or voluntary quit, except that on voluntary quits where one (1) week's notice has been given to the Employer, the employee shall receive prorated vacation pay.

| **Employment Period** | **Rate of Accrual** |
|---|---|
| First six (6) months | None |
| After six (6) months | 1/6 week per month |
| After four (4) years | 1/4 week per month |

17  (*Id.* [CBA, Article 8.3])  The CBA further provides that, "[i]n the event an employee is terminated
18  or voluntarily quits, the employee's final paycheck will be held by the employer until their vacation
19  accrual account has been reconciled."  (*Id.* [CBA, Article 8.2.5])

20      17.     Here, there is not merely a "hypothetical connection between the claim[s] and the
21  terms of the CBA," but rather the terms of the CBA – as permitted by Labor Code 227.3 – specifically
22  waived or altered rights that would otherwise be available to Plaintiff pursuant to state law.  As such,
23  his fourth cause of action for alleged unpaid vacation, cannot be decided without reference to and
24  interpretation of the applicable CBA.  In other words, "adjudication of the claim[s] requires
25  interpretation of a provision of the CBA," which establishes complete preemption.  *Cramer v.*
26  *Consol. Freightways, Inc.*, 255 F.3d 683, 691-92 (9th Cir. 2001).  As such, Plaintiff's fourth cause
27  of action must be decided pursuant to federal law.

**B.      Supplemental Jurisdiction Applies To Plaintiff's Other Causes of Action**

18.     As set forth above, Plaintiff's claims are removable under 28 U.S.C. §§ 1331, 1441 and 1446.  To the extent any of Plaintiff's claims – including his first through third causes of action – are not completely preempted and are thus not subject to federal question jurisdiction, this Court may exercise supplemental jurisdiction over those claims.  All of Plaintiff's claims in the Complaint arise out of the termination of Plaintiff's employment, and thus out of the same nucleus of operative facts.  (*See* Complaint).  Since this Court has jurisdiction over the federal claims related to this case or controversy, it also has supplemental jurisdiction over any state law claims, which form a part of the same case or controversy.  28 U.S.C. § 1367(a).

**V.     PRAYER FOR REMOVAL**

19.     Because this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441, 1367, and 1446, Defendant respectfully requests that the Court exercise its removal jurisdiction over this Action.  In the event the Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

DATED:  January 21, 2022               OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/Lisa C. Hamasaki*
    LISA C. HAMASAKI
    NESTOR C. GONZALEZ
    Attorneys for Defendant
    PROVENA FOODS INC. doing business as
    SWISS AMERICAN SAUSAGE CO.

49912124.v2-OGLETREE