1  LISA C. HAMASAKI, CA Bar No. 197628
   lisa.hamasaki@ogletree.com
2  NESTOR C. GONZALEZ, CA Bar No. 335515
   nestor.gonzalez@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  One Embarcadero Center, Suite 900
   San Francisco, CA  94111
5  Telephone:     415-442-4810
   Facsimile:     415-442-4870
6

7  Attorneys for Defendant
   PROVENA FOODS INC., doing business as
   SWISS AMERICAN SAUSAGE CO.
8

9              **UNITED STATES DISTRICT COURT**

10             **EASTERN DISTRICT OF CALIFORNIA**

11

12  CARLOS IPINA, an individual,                Case No.

13              Plaintiff,                       **DECLARATION OF NESTOR C.
                                                 GONZALEZ IN SUPPORT OF
14        v.                                     DEFENDANT PROVENA FOODS INC.'S
                                                 NOTICE OF REMOVAL**
15  PROVENA FOODS, INC., a California
    corporation doing business as SWISS
16  AMERICAN SAUSAGE CO.; and DOES 1
    through 20, inclusive,
17
                Defendant.                       Complaint Filed:  December 22, 2021
18

19

20

21

22

23

24

25

26

27

28

1    I, NESTOR C. GONZALEZ, hereby declare as follows:

2    1.    I am an attorney duly licensed and admitted to the United States District Court for the

3    Eastern District of California.  I am an associate with the law firm of Ogletree, Deakins, Nash, Smoak

4    & Stewart, P.C., counsel of record for Defendant Provena Foods Inc., doing business as Swiss

5    American Sausage Co. ("Defendant") in the above-entitled action.  I have knowledge of how the

6    documents and case files are maintained and kept in the ordinary course of business in my firm,

7    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

8    2.    On December 22, 2021, Plaintiff Carlos Ipina ("Plaintiff") filed his Complaint against

9    Defendant in San Joaquin County Superior Court entitled *Carlos Ipina v. Provena Foods, Inc., a*

10   *California corporation doing business as Swiss American Sausage Co., and Does 1-20, inclusive*,

11   Case No. STK-CV-UWT-2021-0011590.

12   3.    On December 23, 2021, Plaintiff personally served Defendant with a copy of the

13   Summons and Complaint via service to its registered agent CT Corporation Systems. A true and

14   correct copy of the Summons and Complaint are attached hereto as **Exhibit A**.  At the same time,

15   Plaintiff served Defendant with additional documents including a Notice of Case Assignment and

16   Notice of Hearing dated December 22, 2021, a Public Notice regarding Non-Availability of Official

17   Court Reporting services in Civil Departments, and a Superior Court of California, County of San

18   Joaquin Alternative Dispute Resolution (ADR) Information Packet with attachments.  A true and

19   correct copy of these additional documents served are attached hereto as **Exhibit B**.  No other

20   documents have been served on Defendant.

21   4.    On January 20, 2022, Defendant timely filed and served its Answer to Plaintiff's

22   unverified Complaint For Damages in San Joaquin County Superior Court.  A true and correct copy

23   of the Defendant's Answer is attached hereto as **Exhibit C**.

24   5.    I have reviewed the online docket for the San Joaquin County Superior Court for this

25   matter and, although they were not served upon Defendant, the docket reflects two additional

26   documents: a Civil Case Cover Sheet and a Proof of Service for the Summons, Complaint and other

27   documents served by Plaintiff on Defendant on December 23, 2021.  A true and correct copy of the

28   Civil Case Cover Sheet is attached hereto as **Exhibit D**.  A true and correct copy of the Proof of

1  Service is attached hereto as **Exhibit E**.

2      6.      As required by 28 U.S.C. §§ 1446(a), 1447(b), and 1449, true and correct copies of

3  all process, pleadings, and orders served upon Defendant are attached to this declaration as part of

4  Defendant's Notice of Removal.

5

6      I declare under penalty of perjury under the laws of the State of California and the United

7  States of America that the foregoing is true and correct.

8      Executed on January 21, 2022, at San Bruno, California.

9

10  _____
   Nestor C. Gonzalez

11

12

13  49912625.v1-OGLETREE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF NESTOR C. GONZALEZ IN SUPPORT OF DEFENDANT PROVENA FOODS INC.'S
NOTICE OF REMOVAL

# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*AVISO AL DEMANDADO):*
PROVENA FOODS, INC., a California corporation doing business as
SWISS AMERICAN SAUSAGE CO.; and DOES 1 through 20, inclusive

**RECEIVED**
2021-12-22 09:13:30
Filed DEC 2 2 2021
BRANDON E. RILEY, CLERK
By _____ DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CARLOS IPINA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*El nombre y dirección de la corte es):*

STK-CV-UWT-2021-11590

Superior Court of California, County of San Joaquin
180 E. Weber Avenue
Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LISA BLANCO JIMENEZ
NEUMILLER & BEARDSLEE
P.O. Box 20, Stockton, CA 95201
Telephone: (209) 948-8200

DATE: DEC 2 2 2021 BRANDON E. RILEY Clerk, by _____ Deputy
*Fecha)* *(Secretario)* *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PROVENA FOODS, INC., a California corporation doing business as SWISS AMERICAN SAUSAGE CO.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB® Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Ipina, Carlos

5

LISA BLANCO JIMENEZ (SBN: 234671)
NEUMILLER & BEARDSLEE
A PROFESSIONAL CORPORATION
3121 March Lane, Suite 100
Post Office Box 20
Stockton, CA  95201-3020
Telephone:  (209) 948-8200
Facsimile:  (209) 948-4910

Attorneys for Plaintiff CARLOS IPINA

Electronically Filed
**Superior Court of California**
**County of San Joaquin**
2021-12-22 09:13:30
**Clerk: Taylor Hiedeman**

**Case Management Conference**
**06/22/2022 08:45 AM in 10B**

**STK-CV-UWT-2021-0011590**

## SAN JOAQUIN COUNTY SUPERIOR COURT

### UNLIMITED CIVIL CASE

| | |
|---|---|
| CARLOS IPINA, an individual; | No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| PROVENA FOODS, INC., a California corporation doing business as SWISS AMERICAN SAUSAGE CO.; and DOES 1 through 20, inclusive; | |
| Defendants. | |

COMES NOW Plaintiff CARLOS IPINA and alleges as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff CARLOS IPINA (hereinafter, "Plaintiff") is an individual residing in Manteca, San Joaquin County, California. Plaintiff was an employee of Defendant from December 1, 2016 until he was wrongfully terminated from his employment on March 19, 2020.

2.      Plaintiff is informed and believes and thereon alleges that Defendant PROVENA FOODS, INC. ("Defendant") is a California corporation doing business as SWISS AMERICAN SAUSAGE CO. in Lathrop, San Joaquin County, California, and a processor and supplier of dry sausage, pepperoni, salami, and other products to foodservice outlets throughout the United States.

///

///

3.      Plaintiff is unaware of the true names and identities of the defendants sued herein as DOES 1 through 20. Plaintiff is informed and believe and thereon alleges that each of these fictitiously-named defendants was an agent or employee of Defendant, or a joint employer with Defendant, and is jointly and severally responsible to Plaintiff for his damages. Plaintiff will amend his pleading to allege the true names and identities of the fictitiously-named defendants, if and when ascertained.

4.      At the time of Plaintiff's termination, Defendant maintained a Punctuality and Absence Policy (the "Policy") under which employees accumulated "Points" for tardies and absences according to the following schedule:

*POINT VALUES:*

| | |
|---|---|
| No Call No Show | 2 Points |
| Late Call In - More than Two Hours After Start Time | 1.75 Points |
| Late Call In - Less than Two Hours After Start Time | 1.5 Points |
| Sick Call in with no available hours without a doctor's note | 1 Point |
| Sick Call in with Less than 8 hours of Sick Pay available without a doctor's note | .75 Point |
| Sick Call In with no available hours with a doctor's note | .75 Point |
| Sick Call In with Less than 8 hours of Sick Pay available with a doctor's note | .5 Point |
| Leaving work early without sick time to cover all missed work | .5 Point |
| Late to work | .25 Point |
| Late returning from break or lunch | .25 Point |
| Late Call in Less than 30 minutes before shift | .25 Point |

The Policy established that a "No Call No Show" is automatically a two-Point violation "regardless of whether unused sick time is available."

5.      The Policy further provided for the imposition of discipline of employees based on the accumulation of Points as follows:

*ENFORCEMENT:*

When points are assigned per the attendance policy, the following progressive discipline steps will be communicated to the employee according to the following schedule.

| | |
|---|---|
| Verbal Warning | .5 Point |
| First Written Warning | 1 Point |
| Second Written Warning | 1.5 Point |
| Third Written Warning * | 2 Points |
| Final Written Warning ** | 2.5 Points |
| Termination | 3 Points |

*One day unpaid suspension will occur when an employee's attendance point total reaches 2 points

**A two day unpaid suspension will occur when an employee's attendance point total reaches 2.5 points

2

1    6.    Plaintiff was terminated by Defendant pursuant to the Policy under the
2  following circumstances:

3    (a)    On Monday, March 9, 2020, Plaintiff, who was suffering from a workplace
4  injury to his hand and finger, went home sick from work due to the pain in his hand and finger
5  and swelling of his finger that was so bad that he could not even zip or button his pants. The next
6  two days, Tuesday, March 10th and Wednesday, March 11th, Plaintiff called the sick line to
7  report that he would not be coming to work due to the continued pain and swelling.

8    (b)    On Thursday, March 12, 2020, Plaintiff texted his supervisor requesting the
9  name and address of Defendant's occupational health clinic. Plaintiff's supervisor responded that
10  he needed to complete paperwork before he could be seen at the clinic. Plaintiff came into work
11  and completed the paperwork as requested; while doing so, Plaintiff informed the Director of
12  Human Resources that he had misplaced his identification and that he would visit the clinic as
13  soon as he located it. Plaintiff did not call the sick line on this day given his communications
14  with both his supervisor and the Director of Human Resources.

15    (c)    On Friday, March 13, 2020, having located his identification, Plaintiff
16  visited the occupational health clinic. He was seen by a doctor who placed him on modified duty.
17  Plaintiff tried calling the sick line on this day, but he was unable to get through. The next day,
18  Saturday, March 14th, Plaintiff tried calling the sick line again to report his absence from the day
19  before, but he was still unable to get through. He texted his supervisor to inform him that he had
20  been unable to get through on the sick line since Friday and that he would be returning to work
21  on Monday on modified duty. Plaintiff is informed and believes and thereon alleges that his
22  supervisor immediately informed the Director of Human Resources that Plaintiff would be
23  returning to work on Monday on modified duty.

24    (d)    On Monday, March 16, 2020, Plaintiff reported to work. The Director of
25  Human Resources placed him on suspension for being a "No Call No Show" on Thursday,
26  March 12th which was the day he turned in his paperwork for his workplace injury and Friday,
27  March 13th which is the day he visited the occupational health clinic. Plaintiff's suspension
28  continued through Wednesday, March 18th on which day he visited the clinic for a follow-up.

3

1   (e)     On March 19, 2020, Plaintiff was formally terminated for exceeding three

2   Points under the Policy. Defendant paid wages to Plaintiff at the time of his termination, but did

3   not pay him all his accrued vacation until nine days later.

4   7.      Plaintiff is informed and believes and thereon alleges that Defendant unlawfully

5   discriminated against him by suspending him from his employment and, ultimately, terminating

6   him for using sick leave.

7   **FIRST CAUSE OF ACTION**

8   **(Discrimination - Cal. Labor Code § 233(c))**

9   8.      Plaintiff hereby realleges and incorporates by this reference each of the

10  foregoing allegations as though fully set forth herein.

11  9.      At all times mentioned herein, Defendant was among the employers covered

12  by Labor Code § 233 and Plaintiff was among the employees afforded its protections including,

13  specifically, subdivision (c) which makes it unlawful for "[a]n employer [to] deny an employee

14  the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner

15  discriminate against an employee for using, or attempting to exercise the right to use, sick leave

16  to attend to an illness[.]" Labor Code § 234 further provides: "An employer absence control

17  policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or

18  result in discipline, discharge, demotion, or suspension is a per se violation of Section 233."

19  10.     Plaintiff is informed and believes and thereon alleges that Defendant, acting

20  through its employees and agents, discriminated against him in his employment by terminating

21  him for using sick leave in violation of Labor Code § 233(c). As a direct, foreseeable, and

22  proximate result of this action, Plaintiff has suffered substantial losses in earnings and other

23  employment benefits and emotional distress. Further, Defendant acted maliciously, fraudulently,

24  and oppressively with the intention of injuring Plaintiff and in conscious disregard of his right to

25  be free from discrimination; accordingly, Plaintiff also seeks an award of punitive damages.

26  ///

27  ///

28  ///

4

## SECOND CAUSE OF ACTION

### (Discrimination - Cal. Labor Code § 246.5(c)(1))

11.     Plaintiff hereby realleges and incorporates by this reference each of the foreging allegations as though fully set forth herein.

12.     At all times mentioned herein, Defendant was among the employers covered by Labor Code § 246.5 and Plaintiff was among the employees afforded its protections including, specifically, subdivision (c)(1) which makes it unlawful for "[a]n employer [to] deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, [or] attempting to exercise the right to use accrued sick days[.]"

13.     Defendant, acting through its employees and agents, discriminated against Plaintiff in his employment by terminating him for using sick days in violation of Labor Code § 246.5(c)(1). As a direct, foreseeable, and proximate result of this action, Plaintiff has suffered substantial losses in earnings and other employment benefits and emotional distress. Further, Defendant acted maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff and in conscious disregard of his right to be free from discrimination; accordingly, Plaintiff also seeks an award of punitive damages.

## THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

14.     Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

15.     At all times mentioned herein, Labor Code § 233(c) and Labor Code § 246.5(c)(1) articulated a public policy against discriminating against employees for using sick leave.

16.     Defendant, acting through its employees and agents, terminated Plaintiff in violation of these public policies. As a direct, foreseeable and proximate result of this action, Plaintiff has suffered substantial losses in earnings and other employment benefits and emotional distress. Further, Defendant acted maliciously, fraudulently, and oppressively with the intention

5

1  of injuring Plaintiff and in conscious disregard of his right to be free from discrimination;

2  accordingly, Plaintiff also seeks an award of punitive damages.

## FOURTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Separation - Cal. Labor Code §§ 201, 203)

17.     Plaintiff hereby realleges and incorporates by this reference each of the foregoing allegations as though fully set forth herein.

18.     At all times mentioned herein, Defendant was among the employers covered by Labor Code § 201 and Plaintiff was among the employees afforded its protections including, specifically, subdivision (a) which provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

19.     Defendant acting through its employees and agents, failed to pay Plaintiff all wages earned at the time of his termination, specifically, all accrued vacation, in violation of Labor Code § 201. Further, the failure to pay all wages due and owing at the time of termination was willful entitling Plaintiff to a waiting time penalty under Labor Code § 203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS IPINA prays for judgment against Defendants and each of them as follows:

1.     For an order of reinstatement;

2.     For compensatory damages (including, but not limited to, lost earnings and other employment benefits);

3.     For an award of prejudgment interest;

4.     For emotional distress damages;

5.     For punitive damages;

6.     For statutory penalties;

7.     For costs of suit (including, but not limited to, reasonable attorney's fees pursuant to statute); and

8.     For such other and further relief as the Court deems appropriate.

///

6

1456800-1

1   Dated: December 22, 2021

2                                                  NEUMILLER & BEARDSLEE
                                                   A PROFESSIONAL CORPORATION
3
                                                   By: _____
4                                                        LISA BLANCO JIMENEZ

5                                                  Attorneys for Plaintiff CARLOS IPINA

6

7                              **DEMAND FOR JURY TRIAL**

8           Plaintiff demands a jury trial as to all causes of action in this Complaint for Damages on

9   which a trial by jury may be had.

10

11  Dated:  December 22, 2021

12                                                 NEUMILLER & BEARDSLEE
                                                   A PROFESSIONAL CORPORATION
13
                                                   By: _____
14                                                       LISA BLANCO JIMENEZ

15                                                 Attorneys for Plaintiff CARLOS IPINA

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages

# Exhibit B

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UWT-2021-0011590**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date:  06/22/2022 | Time:  8:45 AM Department: 10B |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE ERIN GUY CASTILLO IN DEPARTMENT FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/divisions/civil/ .

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.


Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.


Date: 12/22/2021                                          _____Taylor Hiedeman-FCE_____

ₗDeputy Clerk


**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**



**The Superior Court**
COUNTY OF SAN JOAQUIN
222 E. WEBER AVENUE, ROOM 303
STOCKTON, CALIFORNIA 95202

TELEPHONE
(209)468-2827
WEBSITE
www.stocktoncourt.org

08/23/12

## ***PUBLIC NOTICE***

## NON-AVAILABILITY OF OFFICIAL COURT REPORTING SERVICES IN CIVIL DEPARTMENTS

Effective October 1, 2012, San Joaquin County's Official Court Reporters are "not available" within the meaning of California Rules of Court, Rule 2.956, for court-reporting of civil cases. As provided in Rule 2.956(e)(1), the term "civil cases" includes all matters other than criminal and juvenile matters. This non-availability extends to all civil case hearings or proceedings of any kind or nature, including but not limited to law and motion hearings, *ex parte* applications, long-cause hearings, and trials.

The departments which normally hear civil cases are 11, 13, 33, 41, and 42. A copy of this notice is posted outside each of these departments.

As provided in Rule 2.956(c), parties may arrange for the presence of a certified shorthand reporter to serve as an official *pro tempore* reporter. It is the party's responsibility to pay the reporter's fee for attendance at the proceedings, but the expense may be recoverable as part of the costs, as provided by law.

If a party arranges and pays for the attendance of the certified shorthand reporter, none of the parties will be charged the reporter's attendance fee provided for in Government Code §§ 68086 (a)(1) or (b)(1).

It is further noticed that the stenographic notes of the certified shorthand reporter are the official records of the Court and shall be secured by the Court in either paper and/or electronic format in accordance with Government Code §§ 69955 (a), (b), (c) and (d).

### Service Instructions for
### Non-Availability of Official Court Reporting Services in Civil Department

To the Plaintiff(s) or Cross-Complainant(s), and all attorneys for Plaintiff(s) or Cross-Complainant(s):

The plaintiff(s) must serve the notice of Non-Availability of Official Court Reporting Services in Civil Departments (Notice) with the complaint. Likewise, the cross-complainant must serve the Notice on any new parties to the action. The service information must be included on the Proof of Service of Summons.

In addition, parties that file motions must serve the Notice on all parties in the case. The service information must be included on the Proof of Service by Mail.



# Superior Court of California, County of San Joaquin Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant.  Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

> *Indicating your preference on Case Management Statement form CM-110;
>
> *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or
>
> *Agree to ADR at your initial Case Management Conference.

**Questions?**  Call (209) 992-5693 and ask for the ADR Clerk,
email at adr@sjcourts.org  or visit the court website at www.sjcourts.org

---

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits.  Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court.  The most common forms of ADR are mediation and arbitration.  There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials.  It is important to find the type or types of ADR that are most likely to resolve your dispute.

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorney's fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side.  This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*

# What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
  - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➢ *Judicial Arbitration Program* (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award *and proceed to trial.* See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➢ *Private Arbitration* (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

*ADR Information Packet (7/15)*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:              FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE**<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)    or less) | CASE NUMBER: |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

☐  **Notice of Intent to Appear by Telephone,  by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☐  This statement is submitted by party *(name)*:
    b.  ☐  This statement is submitted **jointly** by parties *(names)*:

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b.  ☐  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐  The following parties named in the complaint or cross-complaint
        (1)  ☐  have not been served *(specify names and explain why not):*
        (2)  ☐  have been served but have not appeared and have not been dismissed *(specify names):*
        (3)  ☐  have had a default entered against them *(specify names):*
    c.  ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  ☐  complaint    ☐  cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

18

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**

a.   ☐ The trial has been set for *(date):*

b.   ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.   ☐ days *(specify number):*

b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:

a.   Attorney:

b.   Firm:

c.   Address:

d.   Telephone number:

e.   E-mail address:

f.   Fax number:

g.   Party represented:

☐   Additional representation is described in Attachment 8.

9.   **Preference**

☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]     **CASE MANAGEMENT STATEMENT**     Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

   a.  ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b.  Reservation of rights:  ☐ Yes  ☐ No

   c.  ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

      ☐ Bankruptcy  ☐ Other *(specify):*

  Status:

**13. Related cases, consolidation, and coordination**

   a.  ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b.  ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

   a.  ☐ The party or parties have completed all discovery.

   b.  ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

   c.  ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

  a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

  ☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO.:<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

☐ LODI Branch    ☐ MANTECA Branch    ☐ TRACY Branch    ☐ STOCKTON Branch
315 W. Elm St.    315 E. Center St.    475 E. 10th St.    222 E. Weber Ave.
Lodi, CA 95240    Manteca, CA 95336    Tracy, CA 95376    Stockton, CA 95202

| Plaintiff(s)/Petitioner(s): | |
|---|---|
| Defendant(s)/Respondent(s): | CASE NUMBER: |

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐ Voluntary Mediation          ☐ Other (specify):

☐ Non-Binding Judicial Arbitration CCP 1141.12    _____

☐ Binding Arbitration (private)          _____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?** ☐ Yes      ☐ No

**Neutral's name and telephone number:** _____/(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.   **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____
_____
_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR. Original signatures required.**

| | |
|---|---|
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |

## IT IS SO ORDERED: Dated:_____

_____
Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____at _____a.m/p.m. in Dept. No. _____.

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

# Exhibit C

1  LISA C. HAMASAKI, CA Bar No. 197628
   lisa.hamasaki@ogletree.com
2  NESTOR GONZALEZ, CA Bar No. 335515
   nestor.gonzalez@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  One Embarcadero Center, Suite 900
   San Francisco, CA  94111
5  Telephone:    415-442-4810
   Facsimile:    415-442-4870
6
   Attorneys for Defendant
7  PROVENA FOODS INC., doing business as
   SWISS AMERICAN SAUSAGE CO.
8

Electronically Filed
Superior Court of California
County of San Joaquin
2022-01-20 13:57:35
Clerk: Taylor Hiedeman

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **FOR THE COUNTY OF SAN JOAQUIN**

11

12  CARLOS IPINA, an individual,            Case No. STK-CV-UWT-2021-0011590

13              Plaintiff,                  **DEFENDANT PROVENA FOODS INC.'S,
                                            ANSWER TO PLAINTIFF CARLOS**
14      vs.                                 **IPINA'S UNVERIFIED COMPLAINT FOR
                                            DAMAGES**
15  PROVENA FOODS, INC., a California
    corporation doing business as SWISS     [Assigned for all purposes to The Honorable
16  AMERICAN SAUSAGE CO.; and DOES 1        Erin Guy Castillo, Dept. 10B]
    through 20, inclusive,
17
                Defendant.                  Action Filed:   December 22, 2021
18

19

20

21

22

23

24

25

26

27

28

Defendant PROVENA FOODS INC., d/b/a SWISS AMERICAN SAUSAGE ("Defendant") hereby answers the unverified Complaint For Damages ("Complaint") filed by Plaintiff CARLOS IPINA ("Plaintiff") as follows:

## **GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Defendant alleges the affirmative defenses set forth herein as to each and every cause of action and claim for relief asserted in the Complaint unless specified otherwise.  By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

The Complaint is vague, ambiguous, indefinite and uncertain, and Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff. Therefore, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant expressly reserves the right to amend or supplement the affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the claims asserted by Plaintiff against Defendant.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Cause of Action)**

1.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because Plaintiff fails to state facts sufficient to constitute a cause of action for which relief may be granted.

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Statute of Limitations)

3       2.      The Complaint and each purported cause of action alleged therein is barred, in whole

4   or in part, by the applicable statute of limitations, including, without limitation, California Code of

5   Civil Procedure sections 335.1, 337, 338, 339, and 343; Section 301 of the Labor Management

6   Relations Act (29 U.S.C. § 185), and 29 U.S.C. § 160(b) (as well as any other statutes that might

7   include applicable time bars), except to the extent any such claims may be tolled.

8

## THIRD AFFIRMATIVE DEFENSE

9

### (Res Judicata and Estoppel)

10      3.      The Complaint and each purported cause of action alleged therein is barred, in whole

11  or in part, by the doctrines or res judicata, collateral estoppel, and/or judicial estoppel.

12

## FOURTH AFFIRMATIVE DEFENSE

13

### (Federal Labor Management Relations Act and National Labor Relations Act Preemption)

14      4.      The causes of action alleged in the Complaint, and in particular Plaintiff's fourth

15  cause of action, are barred and should be dismissed because and to the extent that they are preempted

16  by the federal Labor Management Relations Act, 29 U.S.C. § 185 and/or the National Labor

17  Relations Act, 29 U.S.C. § 161, and to the extent this Court otherwise lacks subject matter

18  jurisdiction.  Plaintiff was a member members of a union, the United Food and Commercial Workers

19  Union 8– Golden State ("UFCW8"), during his employment with Provena Foods and the terms and

20  conditions of his employment were governed by the Collective Bargaining Agreement ("CBA")

21  between the UFCW8 and Defendant.  Defendant is informed and believes and thereon alleges that

22  resolution of Plaintiff's claims – and, in particular, Plaintiff's fourth cause of action – are

23  substantially dependent on an analysis of the terms and conditions of the CBA that governed

24  Plaintiff's employment and his claims are therefore, preempted by Section 301 of the Labor

25  Management Relations Act (29 U.S.C. § 185(a)).

26  / / /

27  / / /

28  / / /

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Good Faith/Privileged Conduct/Legitimate Business Reason)

3      5.      The causes of action alleged in the Complaint are barred, in whole or in part, because

4   all actions and conduct by Defendant about which Plaintiff complains (and to the extent such conduct

5   occurred) would have been made or taken regardless of any wrongful conduct alleged and was made

6   or taken without oppression, fraud or malice, and in good faith for just, fair, privileged, justified,

7   non-discriminatory, and legitimate business reasons, based on all relevant facts and circumstances

8   known by Defendant at the time it acted.  Such conduct consisted of, among other lawful actions,

9   routine personnel or management decisions that were undertaken for fair and honest reasons and

10  regulated by good faith under the circumstances then existing.

11

## SIXTH AFFIRMATIVE DEFENSE

12

### (Waiver and Estoppel)

13      6.      Defendant alleges, on information and belief, that Plaintiff has, by his acts and

14  omissions, waived all rights to proceed against Defendant and are estopped and barred from alleging

15  the matters set forth in the Complaint.

16

## SEVENTH AFFIRMATIVE DEFENSE

17

### (Laches)

18      7.      The Complaint and each purported cause of action alleged therein is barred, in whole

19  or in part, by the equitable doctrine of laches.

20

## EIGHTH AFFIRMATIVE DEFENSE

21

### (Failure to Mitigate)

22      8.      Defendant alleges, on information and belief, that Plaintiff's claims are barred, in

23  whole or in part, to the extent Plaintiff failed to exercise reasonable diligence to mitigate the damages

24  alleged.  The following allegations are likely to have evidentiary support after a reasonable

25  opportunity to conduct further investigation and/or discovery: To the extent Plaintiff is seeking to

26  recover lost wages, Plaintiff could, by exercise of reasonable diligence, have found and retained

27  employment substantially similar to his employment with Defendant subsequent to his separations

28  from employment.

Case No. STK-CV-UWT-2021-0011590
DEFENDANT PROVENA FOODS INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative or Contractual Remedies)**

9.      The Complaint and each purported cause of action alleged therein is barred, in whole or in part, by Plaintiff's failure to exhaust administrative or contractual remedies, including but not limited to remedies available, and required, pursuant to the CBA between the UFCW8 and Defendant which governed Plaintiff's employment with Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith but Mistaken Belief)**

10.      The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because Defendant's alleged actions were justified by a good faith but mistaken belief.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Authorization or Ratification)**

11.      The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees, were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know nor should it have known of such acts.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

12.      The Complaint and some or all of the purported causes of action alleged therein, including specifically, Plaintiff's second cause of action, are barred in whole or in part, because Plaintiff's claims do not provide a private right of action, and therefore the Court lacks subject matter jurisdiction as to said claims

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

13.      Plaintiff's claims are barred, in whole or in part, to the extent Defendant has discovered, or will discover, additional evidence indicating that Plaintiff has engaged in conduct

before or while employed that precludes or limits his assertion of the claims for relief and/or damages presented in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14.     Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and/or all injuries Plaintiff allegedly suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

15.     The damages and injuries, if any, allegedly suffered by Plaintiff were directly and proximately caused and/or contributed to by Plaintiff's own negligence and comparative fault, or the negligence and fault of other persons and entities and therefore, Plaintiff's recovery, if any, against Defendant, should be offset, diminished and reduced in accord with the principles of comparative fault.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exclusivity of Workers' Compensation Laws)

16.     Plaintiff was Defendant's employee and alleges that he was injured while performing job duties.  Defendant had workers' compensation insurance or was self-insured for workers' compensation claims at the time of Plaintiff's alleged injuries.  Therefore, if Plaintiff suffered any physical and/or emotional injuries related to his work for Defendant, his exclusive remedy for such injuries is provided by the California Workers' Compensation Act, Labor Code § 3200, et seq.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

17.     Plaintiff's prayers for general, special, compensatory, and/or punitive damages regarding each cause of action stated in Plaintiff's Complaint are barred under California law by the doctrine of avoidable consequences as set forth in *State Department of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, on the grounds that Plaintiff unreasonably failed to make use of his employer's anti-discrimination policies and/or procedures by failing to timely and properly report

any alleged discrimination, or other unlawful behavior and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these policies and/or procedures. Defendant alleges that Plaintiff is barred from any recovery because Defendant took immediate and appropriate corrective action when/to the extent it became aware of the conduct alleged by Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action)

18.     Defendant alleges that Plaintiff's purported causes of action, and each of them, are barred as Defendant took all reasonable steps to prevent any alleged discrimination once Defendant was made aware of Plaintiff's complaint(s), if Plaintiff in fact complained. *Wellpoint Health Networks v. Superior Court* (1997) 59 Cal. App. 4th 110.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under Labor Code Section 203)

19.     The Complaint and some or all of the purported causes of action alleged therein, including specifically, Plaintiff's fourth cause of action, fails to properly state a claim for penalties under Labor Code section 203 or otherwise because there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any wages that may be found to be due.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Setoff, Offset, and/or Recoupment)

20.     Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim – Punitive Damages)

21.     Plaintiff's claim for punitive damages fails to state a claim under California Civil Code §3294. Defendant did not have advance knowledge of the unfitness of any officer, director, or managing agent. Defendant did not employ any such person with conscious disregard of the rights and safety of others, nor did it authorize or ratify any wrongful conduct which may be the basis for an award of punitive damages. To the extent any of the wrongful conduct Plaintiff alleges in the Complaint occurred (which Defendant denies), these acts were neither performed nor ratified

by any of Defendant's managing agents, directors, or officers. *See White v. Ultramar, Inc*. (1999) 21 Cal.4th 563.

## **RESERVATION OF RIGHTS**

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this Answer and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

## **PRAYER**

WHEREFORE, Defendant prays for relief as follows:

1.    That Plaintiff take nothing by way of his Complaint;

2.    That the Complaint be dismissed with prejudice;

3.    That the Court enter judgment for Defendant and against Plaintiff on all alleged claims;

4.    That the Court award Defendant its costs of suit incurred in this action, including any attorneys' fees and costs, and any other expenses; and

5.    That the Court grant Defendant such other and further relief as the Court deems just and proper.

DATED:  January 20, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____

LISA C. HAMASAKI
NESTOR GONZALEZ
Attorneys for Defendant
PROVENA FOODS INC., doing business as
SWISS AMERICAN SAUSAGE CO.

**PROOF OF SERVICE**

*Carlos Ipina v. Provena Foods, Inc., d/b/a Swiss American Sausage Co.*
California Superior Court, County of San Joaquin
Case No. STK-CV-UWT-2021-0011590

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On January 20, 2022, I served the following document(s):

**DEFENDANT PROVENA FOODS INC.'S, ANSWER TO PLAINTIFF CARLOS IPINA'S UNVERIFIED COMPLAINT FOR DAMAGES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

Lisa Blanco Jimenez                     Attorneys for Plaintiff
NEUMILLER & BEARDSLEE
A Professional Corporation
3121 March Lane, Suite 100
Post Office Box 20
Stockton, CA  95201-3020
Tel:    209-948-8200
Fax:    209-948-4910
Email:  ljimenez@neumiller.com

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒    **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 20, 2022 at San Rafael, CA.

_____
Pamela A. Leoanrd

49911347.v1-OGLETREE

1

Case No. STK-CV-UWT-2021-0011590

# Exhibit D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LISA BLANCO JIMENEZ (SBN: 254671)<br>NEUMILLER & BEARDSLEE<br>P.O. Box 20<br>Stockton, CA 95201<br>TELEPHONE NO.: (209) 948-8200  FAX NO. *(Optional):* (209) 948-4910<br>E-MAIL ADDRESS: ljimenez@neumiller.com<br>ATTORNEY FOR *(Name):* Plaintiff Carlos Ipina | **Electronically Filed**<br>**Superior Court of California**<br>**County of San Joaquin**<br>**2021-12-22 09:13:30**<br>**Clerk: Taylor Hiedeman** |

*(Top header overlay: Case 2:22-cv-00132-KJM-CKD Document 1-2 Filed 01/21/22 Page 35 of 38)*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin
STREET ADDRESS: 180 E. Weber Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Stockton Branch

| CASE NAME: Carlos Ipina v. Provena Foods, Inc., a California corporation doing business as Swiss American Sausage Co.; and Does 1 through 20, inclusive | **Case Management Conference**<br>**06/22/2022 08:45 AM in 10B**<br><br>STK-CV-UWT-2021-0011590 |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 22, 2021

LISA BLANCO JIMENEZ
_____
(TYPE OR PRINT NAME)       ▶     *(signature)*     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]



**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

Ipina, Carlos

35

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

# Exhibit E

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lisa Jimenez, 234671<br>Neumiller & Beardslee<br>3121 W. March Lane Ste. 100,<br>Stockton, CA 95219<br>TELEPHONE NO.: (209) 948-8200<br>ATTORNEY FOR *(Name):* Plaintiff | **Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2021-12-29 13:58:54<br>Clerk: Kristy Kobus** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Joaquin County
180 E. Weber Avenue
Stockton, CA 95202-2777

| | |
|---|---|
| PLAINTIFF/PETITIONER: Carlos Ipina, an individual | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Provena Foods, Inc., et al. | STK-CV-UWT-2021-0011590 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>34486-43342 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons, Complaint for Damages, Notice of Case Assignment and Notice of Hearing, Notice re Non-Availability of Official Court Reporters, Alternative Dispute Resolution (ADR) Information Package

3. a. Party served: PROVENA FOODS, INC., a California corporation doing business as SWISS AMERICAN SAUSAGE CO.

   b. Person Served: CT Corporation System—Daisy Montenegro - Person Authorized to Accept Service of Process

4. Address where the party was served: 330 North Brand Blvd, #700
   Glendale, CA 91203
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 12/23/2021      (2) at (time): 12:06PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   PROVENA FOODS, INC., a California corporation doing business as SWISS AMERICAN SAUSAGE CO.
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:       Jessica Brown
   b. Address:    One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
        (3) registered California process server.
             (i) Employee or independent contractor.
             (ii) Registration No.:2019217220
             (iii) County: Los Angeles
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 12/23/2021

Jessica Brown
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)